EDWARD JONES *vs.* WM. E. HUNGERFORD.—*December,* 1832.

Under the act of 1809, *ch.* 138, a party may be indicted for wilfully burning a school house not parcel of a dwelling house. Such property is embraced by the terms, "any other out house not parcel of a dwelling house," used in that act.

Maliciously to charge another with wilfully burning a school house, the pro-property of another, is *per se* actionable.

But when a plaintiff alleged in his declaration, that the defendant maliciously said of him, " he burnt the school house, " *inuendo,* " the school house of the defendant," or " you burnt the school house, " or the plaintiff by name "burnt the school house, " with the same *inuendo,* this was held insufficient upon a motion in arrest of judgment. These words do not *per se,* necessarily convey the meaning that the plaintiff had wilfully burned the house.

Where words are not *per se* actionable, and there is not a proper *colloquium* stated, nor an *inuendo,* that the defendant meant by the words spoken, to impute to the plaintiff a crime, nor any special damage alleged, the action cannot be sustained.

The report of the case of *House vs. House,* 5 *Harr. and Johns.,* 125, explained.

APPEAL from *Calvert* County Court.

This was an action of *Slander,* commenced by the appellee, against the appellant, on the 15th of April, 1828.

The declaration charged, that the defendant did, on, &c. at, &c. in a certain discourse, with divers good and worthy citizens of this state, of, and concerning the plaintiff, and a certain school house the property of the defendant; the said defendant, then and there, falsely and maliciously said these false and malicious words of the plaintiff, that is to say, he (meaning the said plaintiff,) burnt the school house, (meaning the said plaintiff burnt the school house so as aforesaid stated.) And afterwards on, &c. at, &c. the said defendant, maliciously intending to injure the plaintiff, in his good name, &c. and to subject him to the pains, &c. by the laws and statutes of this State, made and provided against all those, who wilfully set fire to any "mill, distillery, manufactory, barn, or other out house, " did, on, &c. at, &c. in a certain other discourse which the defendant had, with

other citizens of this state, of and concerning the plaintiff, and a certain school house, the property of the defendant, then and there falsely and maliciously said, &c. these malicious words of the plaintiff, that is to say, "you" (meaning the said plaintiff,) burnt the school house. And afterwards, to wit, on, &c. at, &c. the said defendant contriving, &c. to injure the plaintiff, &c. and to subject him to the pains and penalties by the laws and statutes of this state, made and provided against those who wilfully set fire to any " Mill," &c. did, on, &c. at, &c. in a certain other discourse, which the defendant had with other citizens, of and concerning the plaintiff, and a certain school house, the property of the defendant; the said defendant, then and there, falsely, &c. said these false and malicious words, &c. of the plaintiff, that is to say, " *William Hungerford* " (meaning the plaintiff,) burnt the school house, (meaning that the said *Wm. Hungerford* burnt the school house, so as aforesaid stated,) by means, &c. of which the defendant is greatly hurt, &c.

Issue was joined upon the plea of not guilty, and there was a verdict for the plaintiff.

A motion in arrest of judgment was then made by the defendant, and the following reasons assigned.

1. Because the words in the plaintiff's declaration alleged to have been spoken by the defendant, are not actionable *per se,* connected with the *colloquium* in the said declaration stated.

2. Because the said words *per se,* as connected as aforesaid with the said *colloquium,* are not actionable, and the plaintiff has not alleged, nor stated, any special damage.

3. Because the burning of a school house, not a public school house, is not punishable as a criminal offence, at common law, nor by virtue of any act of assembly in force in this state.

4. Because the plaintiff has not alleged in his declaration that the said school house was an out house at the time the said burning is supposed to have been charged, or a dwelling house, or that the same was empty at the time, or

that it contained any tobacco, rye, wheat, oats, indian corn, barley, flax, hemp, hay, or other country produce, horse or horses, cattle, or goods, wares and merchandize, nor that the same was a public school house.

5. Because a school house, is not an out house, within the meaning of the act of 1809, *ch.* 138, or any act, or statute, in force in this State.

The motion in arrest was overruled by the County Court, and judgment rendered on the verdict for the plaintiff.

From this judgment, the defendant, appealed to this court.

The cause was argued before BUCHANAN, Ch. J., and EARLE, MARTIN, ARCHER, and DORSEY, J.

After the cause was put under rule argument, the death of the appellant was suggested.

*Brewer* and *Stonestreet*, for the appellant.

1. The burning a school house is not a felony, or criminally punishable at common law, unless it be parcel of a mansion house. 2. The burning a school house, *belonging to an individual*, is not a felony, or punishable by the act of 1809. 3. The burning a school house, belonging to an individual, is not a felony, and punishable by the act of 1809, unless it be alleged to be an out house. 4. The allegations "you burnt the school house"—" *William Hungerford* burnt the school house," are not actionable, it not being alleged, that the defendant said, that he burnt it wilfully, and maliciously, or that such was the meaning of the defendant. *Russel on Crimes*, 1567, 1661. Act of 1809, *ch.* 138, sec. 5. 4 *Jacobs' Law Dic.* 464.

*V. H. Dorsey* and *R. W. Gill*, for the appellee.

Does the declaration contain words imputing an indictable offence? It directly charges the plaintiff with having burnt a school house, the property of the defendant. The act of 1809, *ch.* 138, declares it criminal to burn a variety

of buildings, enumerating them specially, and concludes with these general words, "or any other out house not parcel of a dwelling house." To burn any such out house is criminal. It was criminal at common law to burn any dwelling house, which includes all buildings parcel of the mansion house. The legislature intended to include all other buildings. It results from the common law, then, and the act of assembly, that to burn any building is indictable. The common law was designed to protect the habitations of men, the act of assembly to protect his property. Since the case of *House vs. House*, 5 *Harr. and Johns.* 125, it is immaterial whether the house destroyed is empty, or contains personal property. To burn a barn, whether full of property, or empty, is indictable. To burn any other house, must upon the same principle be indictable. One empty house, is as much the object of the law's protection as another. A colloquium is then unnecessary. The words, not parcel of a dwelling house, can make no difference. The school house is parcel of a dwelling house, or it is not, and in either case, to burn it is indictable. A slanderous and actionable charge is made, when the defendant, in substance, imputes to the plaintiff the *corpus* of an indictable offence. He need not change all the circumstances necessary to identify the crime—to say "you are a thief," or "you have committed arson," and the like, is sufficient.

BUCHANAN, Ch. J., delivered the opinion of the court.

This is an action of *slander*, and the words charged in the first *count* in the declaration are, "he burnt the school house," *inuendo*, the school house of the appellant *Edward Jones*.

In the second *count*, "you burnt the school house," and and in the third count, "*William Hungerford* burnt the school house," with the same *inuendo*, in each, as in the first count. To which there was a plea of not guilty, and issue, and a verdict for the plaintiff, the appellee, and a motion in arrest of judgment, which was overruled, and judg-

ment entered upon the verdict for the plaintiff. And the question presented to us, is, whether the words as charged in the declaration, are actionable *per se*.

By the 5th section of the act of 1809, *ch.*138, it is provided, that "every person, his, or her, aiders, abetters, or counsellors, who shall be duly convicted of the crime of wilfully burning any mill, distillery, manufactory, barn, meat house, tobacco house, stable, ware house, or other out house not parcel of any dwelling house, being empty, or having therein any tobacco, wheat, rye, oats, indian corn, barley, flax, hemp, hay, or other country produce, horse, or horses, cattle, or goods, wares, and merchandize, shall, at the discretion of the court, suffer death, by hanging by the neck, or be sentenced to undergo a confinement in the penitentiary house, for a time, not less than three, nor more than twelve years." There can, we think, be no doubt that a school house, not parcel of a dwelling house, is embraced by the terms, "any other out house, not parcel of any dwelling house," and that maliciously to charge another with wilfully burning a school house, (the property of another,) is *per se* actionable. But as it is not every burning that constitutes an offence, and a man may innocently, and without committing any offence punishable by the law, burn any house, the intention always entering into the essence of the offence; and the *wilfully* burning any of the houses mentioned in the act of assembly, being the offence described, and provided against, it is not sufficient, in an action of slander, merely to charge in the declaration, that the defendant said of the plaintiff, "that he had burned such a house," such words, not naturally, and *per se*, conveying the meaning that he had *wilfully* burned the house, or committed the offence prohibited by the act of assembly; but might have been intended of an innocent, and not a felonious burning. And it is not like the case of words spoken, that are *prima facie* actionable, as the directly calling a man a *thief*, or saying of him that he was guilty of perjury. In relation to which, it is sufficient to state in the declaration,

the malicious intent of the defendant, and the slanderous words spoken concerning the plaintiff. Here the declaration does not state a slander *prima facie* actionable, as the saying of the plaintiff, that he had *wilfully burned the school house;* and there is neither a proper *colloquium* stated, nor an *inuendo,* that the defendant meant, by the words spoken, to impute to the plaintiff the crime of wilfully burning the school house. In *House vs. House,* 5 *Harr. and Johns.,* 125, cited in the argument by the counsel for the plaintiff, it will be seen, on examination of the record, that there was an *inuendo,* that the defendant meant that the plaintiff was guilty of *arson,* and did *wilfully* burn the defendant's barn.

JUDGMENT REVERSED.