## STEVENS *v.* STATE

[No. 66, September Term, 1962.]

48

*Decided November 9, 1962.*

*Motion for rehearing filed November 28, 1962, denied December 12, 1962.*

The cause was submitted to BRUNE, C. J., and HENDERSON, PRESCOTT, MARBURY and SYBERT, JJ.

Submitted on brief by *John W. Pfeifer* and *Richard Kupfer,* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Robert F. Sweeney, Assistant Attorney General, William J. O'Donnell* and *James W. McAllister, State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, for appellee.

PER CURIAM.

Alleging insufficiency of evidence, Samuel T. Stevens, Jr., appeals from his sentence following conviction by a jury in the Criminal Court of Baltimore for robbery with a deadly weapon.

At the trial, the prosecuting witness, Barnes, testified that the appellant grabbed him from behind, threatened him with a knife, and took money from his pocket. An eye witness testified he saw Stevens and Barnes struggle and heard Barnes say he was going to get the police. An officer testified that Barnes complained of the robbery and led him to the scene, where he found a cap which had been worn by Barnes and a knife which Barnes said was like the one which Stevens had used.

At the conclusion of the State's evidence, counsel for appellant moved for a judgment of acquittal, which was denied. Appellant then offered evidence, but failed to renew his motion at the end of the case. In such circumstances we may not review the sufficiency of the evidence. Code (1957), Art. 27, § 593; *Woodell v. State,* 223 Md. 89.

Appellant further urges that the failure of court-appointed counsel below, who is not the counsel on this appeal, to renew the motion for a judgment of acquittal at the conclusion of all the evidence and his failure to require an alleged "key witness" to testify for the defense constituted such incompetency as to deprive the defendant of due process of law.

We find no such deprivation. Although one's constitutional rights may be violated where representation has been so inadequate as to make a farce of the trial, this Court has held that mere errors in trial tactics, including a failure to renew a motion for a verdict of acquittal, does not amount, *per se,* to inadequate representation. See *Woodell v. State, supra;* cf. *Snead v. Smyth,* 273 F. 2d 838 (4th Cir. 1962). The record in this case reveals sufficient evidence which, if believed, would support the jury's finding of the appellant's guilt as charged, and hence a request for judgment of acquittal at the close of all the evidence would in all probability have been a fruitless effort.

As to the failure of appellant's counsel to call his landlady as a "key witness", the record does not show that appellant made any request to present this witness and his own testimony indicates that he was satisfied with the arresting officer's testimony as to what the landlady had told him. Failure to call the witness does not appear to have been anything more than a matter of trial tactics, which would not warrant reversal.

50

See the *Woodell* case *supra*. Moreover, although appellant had ample opportunity to complain to the trial court of his counsel's action or inaction he did not do so and he therefore may not raise this issue on appeal. Maryland Rules 885 and 772.

Finally, appellant asks us to review certain portions of the advisory instructions given by the trial court to the jury. However, since he made no objection to the instructions as given, they are not before us for review. Rule 756 g.

*Judgment affirmed.*