## GREENE *v.* STATE

[No. 163, September Term, 1963.]

275

*Decided January 8, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Rolf A. Quisgard, Jr.,* for the appellant.

*Stuart H. Rome, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, Donald Needle* and *James W. McAllister, State's Attorney* and *Assistant State's Attorneys for Baltimore City,* respectively, on the brief, for the appellee.

PER CURIAM.

Appellant poses three questions, none of which has merit.

His cases were set for trial about three weeks after arraignments. The woman (not his wife) with whom he had been liv-

ing employed a lawyer to represent him, agreeing to pay the lawyer in installments. She was unable to make the payments, and, on the morning of trial, the lawyer asked leave to withdraw. The accused did not join in the request. The lawyer's request was denied, as coming too late. The trial court complimented counsel on the able manner of his conducting the defense. The appellant now claims the denial was prejudicial error. We find no abuse of discretion here. Maryland Rule 751; *Jackson v. State,* 214 Md. 454, 135 A. 2d 638, *cert. den.* 356 U. S. 940.

Appellant does not clearly state his second contention. He appears to claim that the failure of his trial counsel to call the woman with whom he was living as a witness constituted such incompetency as to deprive him of due process of law. As a general rule, the decision as to whether or not to call a witness is merely a matter of trial tactics. *Stevens v. State,* 230 Md. 47, 185 A. 2d 194. There is no showing here as to what the witness would have testified had she been called. It is entirely possible that this matter of trial tactics may have been sound trial tactics—her testimony may have been unfavorable to the accused.

Appellant's third assignment of error is the trial court's sustaining an objection to a question propounded to the appellant, and striking out his answer thereto. The question was a leading one; consequently, the trial court's action was justified.

*Judgments affirmed.*