## BENNETT *v.* STATE

[No. 101, September Term, 1964.]

*Decided November 16, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, HORNEY, SYBERT and OPPENHEIMER, JJ.

638

*Melvin Rankin,* with whom was *Robert Eugene Smith* on the brief, for the appellant.

*Roger D. Redden, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, J. Elmer Thompson, Jr., State's Attorney for Queen Anne's County,* and *Julian B. Stevens, Jr., Deputy State's Attorney for Anne Arundel County,* on the brief, for the appellee.

PER CURIAM.

Convicted of the rape of a fifteen-year old girl and sentenced to a term of fifteen years, the appellant contends that the evidence presented to a three-judge court was insufficient to show force and a lack of consent. We do not agree. There was evidence to support the verdict. Cf. *Hazel v. State,* 221 Md. 464. The major contention seems to be that court-appointed counsel at the trial was incompetent, relying upon *Smallwood v. Warden,* 205 F. Supp. 325. That case is readily distinguishable on the facts.

The election of the accused to take the stand, as he did, and to admit the intercourse and penetration, made it a matter of trial tactics whether to object to leading questions or to call a certain witness. Cf. *Greene v. State,* 233 Md. 274. The criminal record of the appellant could not have been kept out after he took the stand. Likewise, a stipulation as to the place where the alleged act of intercourse took place, was a matter of trial tactics. We find nothing to show that the representation was so inadequate as to make the trial a farce. That, of course, is the test. See *Stevens v. State,* 230 Md. 47, 49, and cases cited.

*Judgment affirmed.*