## HARRIDAY *v.* STATE

[No. 198, September Term, 1964.]

*Decided March 10, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY and SYBERT, JJ., and POWERS, J., Associate Judge of the Seventh Judicial Circuit, specially assigned.

*L. Robert Evans* for appellant.

*Walter W. Claggett, Special Attorney,* with whom were *Thomas B. Finan, Attorney General, Frank H. Newell, III,*

and *Thomas L. Hennessey, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore County,* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant, Sterling James Harriday, was convicted of receiving stolen goods under the fourth count of a four count indictment by Judge Menchine sitting without a jury in the Circuit Court for Baltimore County, and was sentenced to the Maryland Institution for Men for a term not to exceed three years. He contends on this appeal that his trial was completely void because his representation by trial counsel was so inadequate as to amount to a deprivation of due process of law.

To support this contention the appellant's counsel on appeal (who was not counsel below) complains that trial counsel (1) did not make an opening statement or a closing argument; (2) did not object to the admission in evidence of "large quantities of inadmissible and damaging evidence"; (3) did not argue the question of the defendant's guilt or innocence; and (4) changed the defendant's not guilty plea to a guilty plea "apparently without consulting his client".

The appellant was indicted along with two other men for breaking and entering (2 counts) and larceny in addition to receiving stolen goods. The charges related to the theft of $251.99 from a Baltimore County club. Court appointed counsel entered a plea of not guilty on behalf of the appellant to all counts of the indictment and elected a trial by the court. The appellant did not testify or call any witnesses. The other two defendants pleaded guilty to the fourth count of the indictment (receiving).

We do not agree that the failure of trial counsel to make an opening statement and a closing argument demonstrates his incompetency. Whether or not an attorney makes use of such statements is within his own discretion depending on whether he deems it necessary. Here the case was tried before an experienced and capable judge, sitting without a jury. Often, in such a situation, competent defense lawyers deem it unnecessary to attempt to inform the court in an opening statement as

to what the evidence is expected to show, or to point out in a closing argument what he believes the evidence has shown. The decision was a matter of trial tactics and the waiver of the right to make the statements did not indicate inadequate representation. *Greene v. State,* 233 Md. 274, 196 A. 2d 454 (1964).

In regard to counsel's failure to object to the introduction of evidence, it appears that during the entire trial counsel objected only one time (to hearsay evidence) and this was done only after suggestion by the trial judge. Although it may well be that under certain circumstances such action—or lack of action— might demonstrate inadequate representation, we do not believe this case presents such a set of circumstances. The appellant's main concern seems to be that counsel's failure to object to the introduction of his signed confession and a written statement of his girl friend in evidence through a police officer clearly shows counsel's ineptitude. At this point it will be helpful to review briefly what the evidence introduced below encompassed besides a showing that the club house had been entered and the money stolen. The two co-defendants of the appellant testified (as they had previously told the police) that Harriday alone had broken into the building and stolen the money, and had given them some of it. The police officer who was called as a witness stated that the appellant never told him that he had entered the club house and stolen the money, but only admitted to receiving some of it. Trial counsel undoubtedly knew that the appellant's written confession was to the same effect. The girl friend of the appellant, in her statement and in her testimony, said that she saw the appellant receive some of the money from one of the co-defendants, and what she said did not implicate the appellant in the breaking and entering.

Throughout the record it seems apparent that the basic trial strategy of appellant's counsel was to attempt to show, by cross examination and otherwise, that the defendant was not guilty of the more serious crimes charged under counts 1, 2 and 3 of the indictment. As we said in *Brown v. State,* 237 Md. 492, 207 A. 2d 103 (1965), "Often, where the State's case is strong, experienced trial counsel direct their principal efforts to the mitigation of sentence." (at p. 498 of 237 Md.). This indicates the reason, we think, why counsel made no objection to

the introduction of the confession and to the testimony of the police officer concerning the statement made by the appellant's girl friend, both of which indicated that the appellant was guilty only of receiving stolen goods. The girl later testified to the same facts which were contained in her written statement, and therefore no prejudice resulted from the officer's testimony as to the statement. In regard to the confession, we believe it is significant that counsel on appeal does not contend that it was involuntarily made but merely says, "it may well be that the statement * * * was taken in violation of the * * * standards * * * announced * * * in *Escobedo v. Illinois,* 378 U. S. 478, 12 L.ed 2d 977 (1964)." We do not think *Escobedo* controlling, since the appellant did not ask for counsel either before or during the making of his confession. *Mefford & Blackburn v. State,* 235 Md. 497, 201 A. 2d 824 (1964).

At the close of the State's case the appellant's counsel moved for "a directed verdict of not guilty". The court granted the motion in regard to counts 1, 2 and 3, since the only evidence supporting them was the uncorroborated testimony of the appellant's two accomplices. Thus counsel's trial strategy was successful. His facing of the realities of the case does not show ineptitude.

As to the argument that trial counsel's failure to argue the guilt or innocence of the defendant deprived the latter of adequate representation, this contention is merely a duplication of the first point raised and requires no further comment.

Finally, we see no substantial merit in the claim that the appellant was denied due process when trial counsel attempted to change his plea to guilty under the fourth count. The record is silent, of course, as to the substance of previous consultations between the attorney and his client, but it may well be that the accused had agreed to plead guilty to the fourth count if he could avoid conviction under the first three counts of the indictment. The incident occurred at the end of the trial, immediately after the court had granted the motion for acquittal under the first three counts and denied it as to the fourth count, when defense counsel said, "We would like to enter a plea of guilty to that fourth count of receiving." The defendant made no objection whatsoever, although he was no novice in criminal

courts, having previously served, according to the record, five prison terms for various offenses, including larceny. (As to one case, see *Harriday v. State,* 228 Md. 593, 182 A. 2d 40 (1962).) In any event, Judge Menchine did not accept the proffered plea of guilty, and no such plea was entered on the court docket. Without referring to the proffer in any way, the judge proceeded to announce a verdict of guilty as to Harriday under the fourth count, stating that the verdict was based upon the confession of the accused and the independent testimony of his girl friend showing the receiving of the stolen money, without any reliance upon the incriminating testimony of the two accomplices. Thus it is apparent that no prejudice resulted from the attempt to change the plea.

For the reasons stated, the judgment will be affirmed.

*Judgment affirmed.*