# HACKLEY v. STATE

[No. 200, September Term, 1964.]

*Decided March 2, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-MOND, MARBURY, SYBERT and BARNES, JJ.

*John T. Bell,* with whom were *Bell & Bell* on the brief, for appellant.

*James S. Sfekas, Special Attorney,* with whom were *Thomas B. Finan, Attorney General,* and *Leonard T. Kardy* and *Judson R. Wood, State's Attorney* and *Assistant State's Attorney,* respectively, *for Montgomery County,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellant Hackley was charged in one indictment, having two counts, with breaking and entering the Silver Theater in the Silver Spring Shopping Center in Montgomery County, (a) with the intent to steal the personal goods of another of the value of one hundred dollars or more (a violation of Code (1964 Cum. Supp.), Art. 27, Sec. 32), and (b) with the intent to steal the goods and chattels of another under the value of one hundred dollars (a violation of Code (1957), Art. 27, Sec. 342). In another indictment he was charged with the malicious destruction of property in the Silver Theater. The charges were tried together before a jury which reached verdicts of not guilty of breaking with felonious intent and not guilty of malicious destruction of property, but guilty of breaking and entering with intent to steal personal property of a value of less than one hundred dollars.

Hackley claims on appeal that the trial court erred in deny-

ing his motion for judgment of acquittal, made on two grounds: (a) the indictment charged the breaking of a storehouse and the testimony showed the breaking of a motion picture theater; (b) the State did not prove the allegations of the indictment as to the ownership of the theater.

The count on which the jury found the appellant guilty identified the storehouse which had been entered as the Silver Theater. The proof was that the Silver Theater was a motion picture theater, that it had been broken into, that efforts had been made to open the safe, and that "the storage cabinets" in which the popcorn was stored had been broken into, as had the refrigerator in which the ice cream sold at the theater was stored. We think the Silver Theater was a storehouse within the meaning of Sec. 342 of Art. 27 of the Code as the cases in this Court have interpreted it. We said in *Martin v. State,* 203 Md. 66, 75, that a factory, which was a type of building not mentioned in the statutes there involved, was included within the meaning of the term storehouse which was named in the statutes, because goods manufactured in the building were kept there for some period after being made ready for sale. Both in *Putnam v. State,* 234 Md. 537, 543, and *McLaughlin, Jr. v. State,* 234 Md. 555, 558, Chief Judge Brune, for the Court, pointed out that Sec. 32 of Art. 27 dealt with breaking "a storehouse or *other outhouse*" (emphasis supplied) and we held in *Putnam* that a drug store was an outhouse within the contemplation of Sec. 32 (and, inferentially, within the contemplation of Sec. 342), and in *McLaughlin* that proof that a bowling alley was broken into was sufficient to sustain a verdict of guilty on an indictment which charged the breaking of a storehouse. In *Hardison v. State,* 226 Md. 53, 58, Judge Prescott, speaking for the Court, adopted a dictionary definition of storehouse as follows: "1. A house or building in which things are stored. 2. Any repository or source of abundant supplies * * *," and equated storeroom as used in Sec. 33 of Art. 27 with storehouse as used in Sec. 32. See also *Jones v. Hungerford,* 4 G. & J. 402, 406, which held that a schoolhouse, not parcel of a dwelling house, was an outhouse and suggested that all buildings other than dwellings were covered by the statute there involved, which made it a crime to burn a variety of specified buildings, "or other out

house not parcel of any dwelling house." This is significant because *Putnam* and *McLaughlin* show that a storehouse as used in Sec. 32 is a form of outhouse and Sec. 32, after referring to a storehouse and other named buildings, refers to any "other outhouse." The term storehouse in Sec. 342 certainly is to be given the same meaning as it has in Sec. 32, since the difference between the two, on this aspect, is only as to the value of the personal property intended to be stolen.

There is no real substance to the contention that ownership of the theater was not proven. Most, but not all, States require that the ownership of the building burglarized be stated in the indictment and proven so as to negative a right of entry by the accused and to establish identity. See Anno. 169 A. L. R. 887. It is generally held that the ownership alleged and shown need not be that of the legal title holder if another, not the accused, is in lawful possession of the building involved under a special property interest. The propositions set forth in this paragraph are supported by 13 Am. Jur. 2d *Burglary* Sec. 37, p. 342, and *4 Wharton's Criminal Law and Procedure* (Anderson 1957), Sec. 1784, p. 604, and the cases.[1]

The indictment alleged that the Silver Theater was owned by Silver Spring Shopping Center, Inc., was occupied by Van Curler Broadcasting Corporation, and was operated by Stanley Warner Management Corporation. The State offered testimony, including the corporate papers of the Van Curler Broadcasting Corporation, from which the jury fairly and reasonably could have found that the Van Curler Broadcasting Corporation (a body corporate which was a subsidiary of a corporation known as Stanley Warner Theaters) was the lessee and operator of the Silver Theater and that it was the owner of the personal property in the theater, and that Stanley Warner Management Cor-

---

1. For example, see Liakas v. State (Neb.), 72 N. W. 2d 677; Key v. Dozier (Ala.), 42 So. 2d 254; Taylor v. State (Miss.), 58 So. 2d 664; and Evans v. State (Ala. Ct. of App.), 41 So. 2d 615. In the last cited case it is stated (p. 617 of 41 So. 2d) "* * * and hence the test for determining in whom ownership of the burglarized premises should be laid in an indictment for this offense is not ownership in the sense of legal title, but ownership in the sense of right of occupancy or possession."

poration, another Stanley Warner Theaters subsidiary, managed the theater for Van Curler Broadcasting Corporation. This was enough to show that the building broken into by the appellant was not his and that he had no right to enter it without the permission of the lawful occupier, and enough to identify the building broken into and the personal property therein so as to protect the accused against a subsequent prosecution for the same offense.

In our view the judgment and sentence appealed from were the products of a trial free from prejudicial error.

*Judgment affirmed.*