## SPRINGFIELD *v.* STATE

[No. 226, September Term, 1964.]

*Decided March 30, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, SYBERT, OPPENHEIMER and BARNES, JJ.

*Richard K. Jacobsen* for the appellant.

*Carville M. Downes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Morton Sachs, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

That a schoolhouse was broken into, that several cabinets therein were forced open, that a stopwatch was missing from one of them, and that the appellant was seen with a screw driver and hammer trying to pry open a soft drink vending machine, are facts which are not disputed.

The primary contention of the appellant is that his conviction for storehouse breaking was not justified because the build-

ing entered was a schoolhouse. Other questions concern the sufficiency of the evidence to support the finding that the appellant had stolen the missing stopwatch, and whether or not he could lawfully be deemed a rogue and vagabond under the statute.

That a schoolhouse (containing filing cabinets in which stopwatches were kept and vending machines from which soft drinks were dispensed) is a storehouse or at least an outhouse, within the meaning of §§ 32, 33 and 342 of Article 27 of the Code of 1957, has been settled by the decision of this Court in *Hackley v. State*, 237 Md. 566, wherein, after reviewing the most recent cases and an early case involving similar questions, we held that a moving picture theatre (containing a safe, a popcorn storage cabinet and an ice cream refrigerator) was a storehouse within the meaning of § 342, *supra*.

The contention that the larceny of a stopwatch was not proven is without merit. Not only was there evidence that one of the cabinets contained stopwatches, but the police found a stopwatch on the appellant, and the school custodian identified it as one of those belonging to the school. It was conceded at the argument that the appellant was a rogue and vagabond if a schoolhouse is a storehouse within the meaning of the statutes.

*Judgment affirmed.*