# VAUGHN THOMAS *v.* STATE OF MARYLAND

[No. 263, Initial Term, 1967.]

*Decided July 24, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PRETTYMAN, J., Associate Judge of the First Judicial Circuit, specially assigned.

*Frank Cannizzaro, Jr.,* for appellant.

*Jon F. Oster, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

On June 23, 1966, the appellant was convicted of being a rogue and vagabond by Judge J. Harold Grady, sitting in the Criminal Court of Baltimore, without a jury. The appellant had been convicted on a prior occasion of three other offenses, the sentences for which were suspended and he had been placed on probation. Judge Grady found him guilty of violation of probation, struck out the probation and imposed the sentences that were suspended. He sentenced the appellant for the offense of being a rogue and vagabond to imprisonment for a term of one year, to run consecutive with the sentence in one of the prior convictions.

The appellant raises three contentions on this appeal:

1) The evidence was not sufficient to sustain the conviction of being a rogue and vagabond.
2) The court committed reversible error in convicting the appellant of being a rogue and vagabond when the appellant was not arrested at the scene of a crime and had no implements in his possession.
3) If the judgment is reversed, the conviction of violation of probation must be reversed.

At the close of the evidence offered by the State, appellant moved for a judgment of acquittal. The motion was denied. Thereafter, the appellant offered evidence by testifying in his own behalf and, by so doing, withdrew his motion. Maryland Rules, 755b. At the close of all the evidence he again moved for a judgment of acquittal and the motion was denied.

There was before the court evidence by stipulation or testimony substantially as follows. The dwelling of Meyer Bank at 3324 Sequoia Avenue, in Baltimore City was broken into on May 6, 1966, about 1:00 P.M. The house was entered by breaking a pane in the rear cellar door and $25 was taken. Edward A. Brown, a relative of Mr. Bank, who lived at 3405 Sequoia Avenue, was on his lawn at this time and saw five boys at the corner of Sequoia Avenue and Edgewood Road. Three of the boys went towards the rear of 3324 Sequoia Avenue and were out of his sight "for some time." Two of them remained near the corner. A police patrol car arrived at the scene and all five of the boys ran away. The patrol car and a Tactical Squad car

were responding to a call that a group of boys were breaking into a house at 3324 Sequoia Avenue. An officer in the patrol car saw three of the boys running and yelled to the Tactical Squad car which pulled to the curb, blocked the passage of the boys and apprehended them, one of them being the appellant. Later the two other boys were apprehended near Towanda Avenue. When the car approached the boys dove into the bushes and then ran and were caught after a chase. Brown could not identify any of the boys apprehended. The police found a latent fingerprint on the glass removed from the basement door. The latent print was removed from the glass about 2:45 P.M. and was found to be identical with the print of the right middle finger of the appellant. The lift of the latent print, an enlargement thereof, and the print of the right middle finger of the appellant were admitted in evidence. Motions for judgment of acquittal at the close of the evidence offered by the State were granted as to the three boys tried with the appellant. The appellant took the stand. He testified that he and two of the other boys, George Pulley and Marcellus McGee, were going over to his house. One of them, George Pulley said "he wanted to make a little extra money" and asked the appellant to help him and went in the back of the house at 3324 Sequoia Avenue. Pulley "stayed back there a couple of minutes." Pulley called to the appellant who went to the back of the house and saw Pulley standing "down some steps to the basement." Pulley handed the appellant the window pane, saying, "Hold it a minute, break it up so I can go in there." The appellant handed it back, stating he did not want to have anything to do with it, and then left. He denied going in the house or of having any intention to do so. He said that he had been convicted of three cases of nighttime burglary.

The thrust of the appellant's argument in support of his first two contentions is that since the appellant was not physically apprehended by the police in or upon the dwelling house he is not within the provisions of the statute. He urges that since the State produced no evidence that placed him at the scene except the fingerprint evidence, the motion for judgment of acquittal should have been granted at the end of the State's case. He overlooks Maryland Rule 755b. As the motion was made again

at the close of all the evidence, the question of the sufficiency of the evidence to sustain the conviction is properly to be considered with respect to all the evidence before the trial court.

Maryland Code (1957), Article 27, § 490, provides:

> "If any person shall be apprehended having upon him any picklock, key, crow, jack, bit, or other implement, at places and under circumstances from which an intent may be presumed feloniously to break and enter into any dwelling house, warehouse, storehouse, stable or outhouse, or shall have upon him any pistol, hanger, cutlass, bludgeon, or other offensive weapon, also at places and under circumstances from which may be presumed an intent feloniously to assault any person, or shall be found in or upon any dwelling house, warehouse, storehouse, stable or outhouse, or in any enclosed yard or garden or area belonging to any house, with an intent to steal any goods or chattels, every such person shall be deemed a rogue and vagabond, and on being convicted thereof shall be sentenced to the penitentiary for not less than one month nor more than two years, or to imprisonment in jail, at the discretion of the court, for a like term."

This section has three distinct parts, by the commission of any one of which, a person shall be deemed a rogue and vagabond:

1) If he "shall be apprehended having upon him any picklock, key, crow, jack, bit, or other implement, at places and under circumstances from which an intent may be presumed feloniously to break and enter into any dwelling house, warehouse, storehouse, stable or outhouse."

2) If he "shall have upon him any pistol, hanger, cutlass, bludgeon, or other offensive weapon, also at places and under circumstances from which may be presumed an intent feloniously to assault any person."

3) If he "shall be found in or upon any dwelling house, warehouse, storehouse, stable or outhouse, or in any enclosed yard or garden or area belonging to any house, with an intent to steal any goods or chattels."

It is clear in the instant case that there was insufficient evidence to support a conviction under parts (1) and (2). However, the fingerprint of the appellant was on the pane of glass taken from the basement door of the dwelling and his own testimony placed him at the steps leading down to the basement door where the dwelling was entered. Money was taken from the dwelling. The police saw the appellant and two companions running from the vicinity of the dwelling and apprehended them. The test of the sufficiency of the evidence in a case tried before the court without a jury, when reviewed in this Court, is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced, beyond a reasonable doubt of the defendant's guilt of the offense charged. *Chittum v. State,* 1 Md. App. 205, 209. We think the evidence here fulfills this test and shows directly or supports a rational inference that the appellant was in or upon the dwelling with an intent to steal. The trial court was not obliged to believe the appellant's explanation of how his fingerprint got on the pane of glass or his denial that he entered the house. *Logan v. State,* 1 Md. App. 213, 216. The judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses. Maryland Rules, 1086. We do not find the judgment clearly erroneous.

In so holding, we reject the appellant's construction of the statute that a person must be physically apprehended in or upon the dwelling to prove the commission of the offense. We do not agree that this part of the statute requires a person to be arrested flagrante delicto. We deem it significant that with respect to the offense designated by the first part of the statute, the words "shall be apprehended" are used, while with respect to the third part of the statute, here considered, the words "shall be found" are used with no reference to "apprehended." It has been held that "having upon" a person the implements designated in the first part of the statute does not necessarily mean physical possession at the time of the arrest and that an inference may be drawn from proper evidence that a person had upon him the implements at a place and under circumstances

from which an intent to break and enter feloniously a dwelling could be presumed in violation of the rogue and vagabond statute. *Wright v. State,* 222 Md. 242, 247; *McCray v. State,* 236 Md. 9, 15; *Bevans v. State,* 180 Md. 443. We find that an inference may be drawn that the appellant was "found" in or upon the dwelling house and that the evidence was sufficient to support that inference.

In view of our holdings, the third contention of the appellant need not be considered.

*Judgment affirmed.*