JAMES A. DAY *v.* STATE OF MARYLAND

[No. 4, September Term, 1967.]

*Decided November 13, 1967.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Marshall H. Feldman* for appellant.

*William B. Whiteford, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Robert R. Sapero, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant was convicted of being a rogue and vagabond in the Criminal Court of Baltimore before Judge Meyer M. Cardin, presiding without a jury, and sentenced to imprisonment for a term of 18 months. On this appeal, the appellant first contends that the evidence was not sufficient to sustain a conviction.

Officer John Coleman of the Baltimore City Police Department testified that at about 1:25 A.M. on August 2, 1966, he was patrolling in a radio car with a fellow officer in the vicinity of the Americana Apartments, located in the 6300 block of Greenspring Avenue. The apartments were a typical modern apartment development with parking areas and sidewalks provided for the tenants and their guests. The officers, while in their car on the parking lot, observed the appellant and a co-defendant, Kenneth Davis, walking on one of the sidewalks toward the entrance at 6316 Greenspring Avenue. The appellant was observed to have dropped something on the ground immediately before the two entered the building. Officer Coleman followed them into the building, and saw them looking at the index of

tenants in the first floor hall. From their manner of dress and general appearance, the officers thought that they did not live in the building, and asked them if they were lost and if they needed any help. Whereupon the appellant said he was looking for a girl named Berrechia whom he had taken to the building the night before. They all looked at the register and apparently there was no Berrechia listed. They went outside. Upon inquiry by the officer as to where he lived, the appellant produced a chauffeur's license indicating he lived on Pratt Street. The officer walked over to where he had seen the appellant drop something and found 82 "various keys" tied together with cord. The officer could not say whether they were car keys or house keys. The appellant's car (about 180 feet away) was searched with his permission. In it was found a leather bag containing a screwdriver, bent at a 45 degree angle, 276 "various keys" tied together in the same manner as the keys found on the ground, and a pair of gloves. The appellant told the officer that he used those keys in his job of repossessing automobiles. No attempt was made to rebut that assertion. The appellant was searched and had in his possession a penlight or small flashlight.

We stated in *Thomas v. State*, 1 Md. App. 528, 532, that Md. Code, Art. 27, § 490 has three distinct parts, by the commission of any one of which, a person shall be deemed a rogue and vagabond:

1) If he "shall be apprehended having upon him any picklock, key, crow, jack, bit, or other implement, at places and under circumstances from which an intent may be presumed feloniously to break and enter into any dwelling house, warehouse, storehouse, stable or outhouse."

2) If he "shall have upon him any pistol, hanger, cutlass, bludgeon, or other offensive weapon, also at places and under circumstances from which may be presumed an intent feloniously to assault any person."

3) If he "shall be found in or upon any dwelling house, warehouse, storehouse, stable or outhouse, or in any enclosed yard or garden or area belonging to any house, with an intent to steal any goods or chattels."

It is clear in the instant case that part (2) is not applicable.

With regard to part (1) he was apprehended having upon him "any * * * key, * * * or other implement" for it has been held that "having upon" does not necessarily mean physical possession at the time of arrest, and that an inference may be drawn from proper evidence that a person had upon him the implements at a place and under circumstances from which an intent to break and enter a dwelling house may be presumed. *Thomas v. State, supra; McCray v. State,* 236 Md. 9; *Wright v. State,* 222 Md. 242; *Bevans v. State,* 180 Md. 443. Thus, under the circumstances here present, it may properly be inferred that the appellant had the keys dropped by him and the articles found in his car *upon him* within the meaning of the statute. But we do not think that he was apprehended "under circumstances from which an intent may be presumed feloniously to break and enter any dwelling house." We do not think that the actions of the appellant in walking into the apartment building, despite the time of night, in view of his uncontradicted statement of his reason for doing so and his explanation of the possession of the keys properly lead to a presumption that he intended to break and enter. The officer was unable to identify the keys found on the ground as "house keys" or automobile keys and the assertion by the appellant to the officer that the keys found in the automobile were automobile keys was not proved incorrect. The screwdriver found in the car, although characterized by the officer as a "cheater jimmy" or a "jimmy screwdriver" and the penlight found on the person of the appellant, innocent in themselves, do not permit such a presumption under the circumstances. The evidence before the trial court was as consistent with innocence as with guilt.

With regard to part (3) we do not consider it a rational inference from the evidence that the appellant was in the apartment building with an intent to steal "any goods and chattels" therein, for we think the reasons set forth in discussing part (1) to be equally applicable. If it be assumed that he was in the area to steal automobiles, such intent cannot be presumed from his being found in the building, for being in the building is not consistent with such intent. It may be consistent with him being found outside the building, but then there is no sufficient evidence that the place where he was found was an en-

*closed* area belonging to the apartment. That the trial judge stated that he was "familiar with the Americana Apartments" does not provide sufficient evidence for the record. The case being tried without a jury, we have reviewed it upon both the law and the evidence. On the evidence, giving due regard to the opportunity of the lower court to judge the credibility of the witnesses, we find the judgment of the lower court to have been clearly erroneous and must set it aside. Md. Rules, 1086. As was said in *Spencer v. State*, 1 Md. App. 264, at 268-269:

> "The conjectures of the trial judge might be entirely correct. But no matter how suspicious the circumstances, a conviction without proof cannot be sustained under the laws of this State."

In view of our holding, we do not consider the other questions raised by the appellant.

*Judgment reversed; case remanded for a new trial.*