RONALD BUCKLEY *v.* STATE OF MARYLAND

[No. 186, Initial Term, 1967.]

*Decided December 6, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and DIGGES, J., Chief Judge of the Seventh Judicial Circuit, specially assigned.

*Norman N. Yankellow,* with whom was *G. Denmead Le-Viness* on the brief, for appellant.

*Anthony M. Carey, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Malcolm Kitt, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

In a consolidated trial of indictment numbers 1222, 1223 and 1225 in the Criminal Court of Baltimore, Judge J. Gilbert Prendergast without a jury found the appellant Buckley guilty under each of the first and fourth counts of indictments numbered 1222 and 1223, and guilty under the only count of indictment number 1225. He then imposed consecutive sentences under each count. From these judgments appellant has appealed to this Court. Since the factual situation to some degree differs, each indictment will be discussed separately.

## I.

### Indictment Number 1222-5803 Bellona Avenue

This indictment contains six counts. The first three charge the appellant with breaking and entering a warehouse situate at 5803 Bellona Avenue (1) with intent to steal goods of a value of a hundred dollars and upwards (violation of Code, Article 27, Section 32, 1967 Repl. Vol.), (2) with intent to steal goods of a value of less than one hundred dollars (violation of Code, Article 27, Section 342, 1967 Repl. Vol.), and (3) stealing goods having a value of five dollars and upwards (violation of Code, Article 27, Section 33, 1967 Repl. Vol.). The indictment further charges the appellant with (4) being a rogue and vagabond (violation of Code, Article 27, Section 490, 1967 Repl. Vol.), (5) grand larceny (violation of Code, Article 27, Section 340, 1967 Repl. Vol.), and (6) receiving stolen goods (violation of Code, Article 27, Section 466, 1967 Repl. Vol.). Upon the appellant being found guilty under counts one and four he was sentenced to consecutive terms in

the Maryland Correctional Institution of eighteen months and six months, respectively.

There was testimony justifying the trier of facts concluding that the building located at 5803 Bellona Avenue was possessed by the members of Alpha Sigma Chi fraternity. The only evidence dealing with the type of occupancy of the building shows that there was no person residing or domiciled in the building, and in fact there existed no bed or other sleeping facility, nor a room utilized as a kitchen. There is testimony, however, which will support the inference that even though the building was originally designed as a dwelling, in fact, at the time of the alleged breaking it was being used exclusively as a meeting and recreational facility by the fraternal organization.

From the facts above enumerated it is clear that the building was not being used as a dwelling, but as a meeting and recreational facility. Therefore, since as the Court of Appeals held in *Hackley v. State*, 237 Md. 566, 207 A. 2d 475 (1965), that all buildings other than a dwelling house are within the meaning of the structures enumerated in Article 27, Section 32, the conviction and sentence under count one must be affirmed.

The appellant did not, either in his brief or at the oral argument, question the validity of the finding of guilt under the fourth count (rogue and vagabond) and the imposition of a consecutive six month sentence following the conviction and sentence under count one (warehouse breaking). However, under Maryland Rule 1085 we take cognizance of plain error appearing on the record. We recently held in *Manning v. State*, 2 Md. App. 177, 233 A. 2d 821, that upon a conviction under a count charging breaking and entering with intent to steal in violation of Section 32 of Article 27 of the Code, a count in the indictment also charging the defendant with being a rogue and vagabond under that part of Article 27, Section 490, which proscribes being found upon premises with intent to steal merges into the conviction under Section 32 and it is error to convict and sentence under each of these counts. See also *Chittum v. State*, 1 Md. App. 205, 228 A. 2d 628 (1967). *A fortiori* the conviction and sentence under the fourth count is a nullity and will have to be vacated.

## II.

### Indictment Number 1223-4713 Falls Road

This indictment charges the defendant under identical counts as those enumerated in indictment number 1222. The only difference is that they pertain to crimes connected with a building alleged to be a warehouse located at 4713 Falls Road.

The testimony here shows that the property was occupied by a fraternal group known as Phi Beta Omega. The testimony, however, is completely silent as to whether or not at the time the alleged crime was committed the building was being used as a dwelling or domicile, anyone slept there, or there even existed sleeping or other accommodations generally associated with a home or dwelling. In fact, there is practically no evidence which describes the purpose for which the building was being used. The only testimony bearing on this point was that of one witness, a member of the fraternity, who, in response to a question, characterized the building as being "a residence."

We are not called upon to determine whether or not this slight bit of evidence was sufficient to authorize a trier of facts to conclude that the building was a dwelling because the burden rests upon the State to prove affirmatively in this case that the building located on Falls Road was at the time of the commission of the crime a warehouse or other outhouse, according to the provisions of Section 32 of Article 27. The record before us as it pertains to the Falls Road building is devoid of any such evidence. We therefore conclude that the judgment under count one of the indictment must be reversed, since the motion for judgment of acquittal as to that count should have been granted.

Since there was evidence which if believed would support the conclusion that the defendant was in fact in the building, Judge Prendergast was justified in concluding that the appellant was "* * * found in or upon (a) dwelling house, warehouse, storehouse, stable or outhouse * * * with an intent to steal * * * goods or chattels * * *" in violation of the provisions of Section 490 of Article 27 of the Code. As this Section of the Code includes not only dwelling houses but all

buildings, the technical distinction discussed above relative to count one has no significance. The conviction and sentence on the fourth count of this indictment was proper.

## III.

### Indictment Number 1225

The appellant has also appealed from a finding of guilt under this indictment charging him with receiving stolen goods. However, he does not assign any reason for a reversal of this judgment either in his brief or at the oral argument, and we find no such reason to exist. There was testimony at the trial which authorized Judge Prendergast to conclude as he did that the appellant when apprehended was in possession of recently stolen articles taken from an apartment located at 830 Argonne Drive, the effect of which unexplained will support a conviction under this count of the indictment. *McGlothlin v. State,* 1 Md. App. 256, 229 A. 2d 428 (1967); *McCray v. State,* 236 Md. 9, 202 A. 2d 320 (1964); *Jordan v. State,* 219 Md. 36, 148 A. 2d 292 (1959).

> *Judgment affirmed on the first count of indictment number 1222.*
>
> *Judgment vacated on the fourth count as merging with the first count.*
>
> *Judgment as to the first count of indictment number 1223 reversed.*
>
> *Judgment on the fourth count of indictment number 1223 affirmed.*
>
> *Judgment on indictment number 1225 affirmed.*