## CURTIS DEAN SPARKMAN *v.* STATE OF MARYLAND

[No. 124, September Term, 1967.]

528

*Decided April 3, 1968.*

The cause was submitted to MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Francis J. Meagher* for appellant.

*William B. Whiteford, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Barrett Freedlander, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

In a non-jury trial in the Criminal Court of Baltimore, appellant was found guilty of storehouse breaking with intent to steal goods over the value of $100.00, and rogue and vagabond, under the first and fifth counts of the same indictment, and sentenced to not more than two years in the Maryland Correctional Institution on each count, sentences to run concurrently.

On this appeal, appellant contends:

1. That the trial court erred in admitting into evidence hearsay testimony of statements made to the arresting officer by an alleged witness to the crime.
2. That the trial court erred in its finding that the evidence proved ownership of the premises mentioned in the indictment.
3. That the trial court erred in finding the evidence sufficient to convict in this case.

The evidence adduced at the trial showed that between 2:00 a.m. and 2:30 a.m. on the morning of November 22, 1966, Warren H. Wimmer was called by police officers to French's Inc., a sporting goods store located at 304 W. Baltimore Street, to check a suspected breaking. Wimmer testified that he was employed at the store and was the owner. Upon arrival he unlocked the premises and, together with the police officers, went to the second floor where he observed that a window had been pushed in and that the bottom section had been pushed off of the track. He had left the store on November 21st at 5:30 p.m., and at that time the premises were locked. He testified that he had visited the second floor a day or two before and had failed to notice anything unusual and everything appeared in order. The merchandise in the store at the time was valued between $30,000 and $50,000.

The witness, Harvey Howard, an employee of the Penny Arcade located at 2 N. Howard Street, testified that he and his

employer left work at 2:00 a.m., and as he passed the alley in the rear of the store, he heard a noise which sounded like someone trying to break in. He entered the alley and saw a man standing under a fire escape attached to the French store building. When asked what he was doing, the man ran. He then observed another man on the fire escape landing. After calling to his boss that someone was trying to break in back there, he took hold of the fire escape and shook it. The man on the fire escape descended a few steps and dropped down. As he did so, he pushed Howard off balance and ran.

Officer Redding and his partner were parked in the 300 block of Baltimore Street when they heard someone call, "police." They saw one suspect come running out and then another. The officer apprehended the second man after a chase. When brought back, he was identified by the witness Howard as the man he had seen on the fire escape.

I

Appellant's first contention is that the admission, over objection, of Officer Redding's testimony that "Mr. Howard said this gentleman was upon the fire escape trying to break in" was inadmissible as hearsay and was reversible error.

Although the statement was made in the presence of the defendant, and was not denied, the lower court properly refused to admit it on that ground, *Miller v. State,* 231 Md. 215, 189 A. 2d 635, but admitted the statement as part of the *res gestae.* The statement was not prompted by any question from the officer. Rather, it was a spontaneous declaration made by the witness of his observation to the officer when confronted by the appellant.

"The test as to whether a declaration or act offered in evidence is part of the *res gestae* is whether it was contemporaneous with the commission of the crime and so connected with it as to illustrate its character." *Wilson v. State,* 181 Md. 1, 3-4, 26 A. 2d 770. See also *Stevens v. State,* 232 Md. 33, 40, 192 A. 2d 73; *Van v. State,* 1 Md. App. 347, 352, 230 A. 2d 109. Here, the statement was contemporaneous with the commission of the crime and so connected with it as to illustrate its character.

However, assuming, without deciding, that the statement was improperly admitted, it was harmless error as the trial court had the direct testimony of the witness Howard, who testified to substantially the same thing. *Harriday v. State,* 238 Md. 75, 79, 207 A. 2d 629. We find no reversible error as to appellant's first contention.

## II

There is no real substance to appellant's contention that the State failed to prove ownership of the premises broken as alleged in the indictment.

In *Hackley v. State,* 237 Md. 566, 207 A. 2d 475, the court, speaking through Judge Hammond (now Chief Judge Hammond), at p. 569 said:

"There is no real substance to the contention that ownership of the theater was not proven. Most, but not all, states require that the ownership of the building burglarized be stated in the indictment and proven so as to negative a right of entry by the accused and to establish identity. * * * It is generally held that the ownership alleged and shown need not be that of the legal title holder if another, not the accused, is in lawful possession of the building involved under a special property interest."

The indictment alleged that the store was owned by French's, Inc., a corporation. The State introduced testimony, through the witness Wimmer, that he was the owner of French's, Inc., located at 304 W. Baltimore Street. Conceding that Mr. Wimmer could not be the technical owner of the corporation, the inference is clear that he was the owner of the business, either as owner of the majority of the stock or owner of all the stock in the corporation. It is apparent from the testimony that he had the right of occupancy and possession and the testimony was sufficient to establish ownership of the building in French's, Inc., which, as its name implies, was a corporation. Code (1957), Article 23, Sec. 5, Sub-sec. (a) (1). This was enough to show that the store building broken into by the appellant was not his and that he had no right to enter it without the permission of the lawful occupier, and enough to identify the building

broken into and the personal property therein so as to protect appellant against a subsequent prosecution for the same offense, which is all that is required.

### III

Appellant in his third and final contention challenges the sufficiency of the evidence under which he was found guilty of storehouse breaking with intent to steal goods over the value of $100.00. Code (1957), Article 27, Sec. 32. The evidence clearly supports appellant's conviction for storehouse breaking. He was observed by the witness Howard at 2:00 a.m. in the morning on the fire escape landing adjacent to a second story window of the building owned and occupied by French's, Inc., at 304 W. Baltimore Street. When asked by the witness what he was doing up there, he descended the fire escape a few steps and then dropped off to the ground where he shoved the witness off balance and then ran. He was apprehended by the police while fleeing from the scene, and when brought back was positively identified by the witness Howard as the man on the fire escape. Upon ascending the fire escape the officer found that the window adjacent to the landing had been pushed in to allow access into the building. This fact was confirmed by the proprietor of the building, Wimmer, who testified that when he left at 5:30 p.m. on the evening before that the premises had been locked and secured. He also testified that he had been on the second floor the previous day and had noticed nothing unusual about the window at that time. The appellant offered no explanation as to why he was on the fire escape next to the partially opened window.

An actual breaking may be made by unloosing, removing or displacing any covering or fastening of the premises, such as lifting a latch, drawing a bolt, raising an unfastened window, or pushing open a door kept closed by its own weight. We think the evidence supports a rational inference that appellant broke into the building by pushing in the second story window. *Jones v. State,* 2 Md. App. 356, 361, 234 A. 2d 625. In order to prove felonious intent under Section 32 of Article 27, Code (1957), it is not necessary to prove that any goods were taken. The actual intention at the time of the breaking is controlling, not whether any goods of value were stolen, and the intention may

be inferred from the circumstances. *O'Brien v. State,* 1 Md. App. 94, 97, 227 A. 2d 362. The evidence disclosed that the building contained an inventory of from thirty to fifty thousand dollars.

Since the conviction of the appellant was supported by substantial evidence, we are unable to say that the verdict of the trial court was clearly erroneous, and we must affirm as to the first count of the indictment. *Anglin v. State,* 1 Md. App. 85, 94, 227 A. 2d 364; *Sadler v. State,* 1 Md. App. 383, 388, 230 A. 2d 372; Maryland Rule 1086.

We shall lastly consider appellant's conviction under the fifth count of the indictment charging the offense of rogue and vagabond. As appellant was not apprehended having upon him an implement or offensive weapon as designated in the statute, his being deemed a rogue and vagabond is dependent upon his being found "in or upon any * * * storehouse * * * with intent to steal any goods * * *," Code (1957), Art. 27, Sec. 490. While the convictions under the first and fifth counts are under different statutes, the same facts gave rise to each conviction. In order to sustain each charge, two common elements must be proved, namely, the presence of the defendant in and upon the storehouse and the intent to steal. Under the first count, a breaking must be proved, which is not necessary to be proved under the fifth count. Here, the latter offense is a necessary ingredient of the former and necessarily involves the former. We conclude therefore that upon his conviction on the first count, the lessor offense charged in the fifth count was merged therein, and we must vacate the verdict and concurrent two year sentence on the fifth count. *Chittum v. State,* 1 Md. App. 205, 228 A. 2d 628; *Manning v. State,* 2 Md. App. 177, 233 A. 2d 821.

> *Judgment as to the first count affirmed. Judgment as to the fifth count vacated as merging with the first count.*