JAMES FARLEY, JR. *v.* STATE OF MARYLAND

[No. 62, September Term, 1967.]

*Decided April 9, 1968.*

The cause was submitted to MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Joseph Rosenthal,* with whom was *John W. Moyer* on the brief, for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Robert S. Rothenhoefer, State's Attorney for Frederick County,* on the brief, for appellee.

PER CURIAM.

Appellant, together with one Donald Prendergast, was charged under a two-count indictment with attempted storehousebreaking with intent to steal goods over the value of $100.00, and with being a rogue and vagabond. Tried separately, appellant was convicted on both counts and sentenced to three years for the attempted storehousebreaking and eight months on the rogue and vagabond count, the sentences to run concurrently. On this appeal, appellant contends (a) that the evidence was insufficient to sustain the conviction, and (b) that the court erred in convicting him of being a rogue and vagabond, since that count merged into the conviction of attempted storehousebreaking.

The evidence adduced at the trial showed that the police received a call at 3:30 a.m. on January 23, 1966, alerting them that someone was attempting to break into a Rexall drugstore at a specified location in Frederick, Maryland. Two police officers immediately went to the scene, Sergeant Wheelson going to the front of the store, and Officer Boone going to the rear through an alley separating the store from an apartment house. It was snowing at the time and had been for some hours before the officers were called to the scene. Officer Boone observed a set of footprints in the snow which led from the street into the alley. He further observed that the bars of a window in the

drugstore had been pried apart and that a car jack was lying on the ground under the window. As he proceeded further into the alley, Officer Boone heard a thump-like noise and saw a large screwdriver fall to the ground at the rear portion of the alley. He observed appellant standing about three feet from where the screwdriver had fallen upon the ground—a point about ten feet from the drugstore. Appellant was arrested and a search of his person revealed an operational walkie-talkie radio. A further investigation disclosed the fact that the footprints which Officer Boone had observed in the alley led directly to an automobile later ascertained to belong to appellant. The evidence further indicated that the drugstore's inventory was in excess of $15,000.00.

That the evidence was sufficient to sustain the conviction of attempted storehousebreaking is too clear to require extended discussion. An attempt to commit storehousebreaking consists of an act done in pursuance of criminal intent falling short of the actual commission of the crime, coupled with at least apparent ability to commit the intended crime. See *Boone v. State,* 2 Md. App. 80. The facts manifestly support appellant's conviction for attempted storehousebreaking.

Although not entirely clear from the record, it appears that appellant's conviction for being a rogue and vagabond was based upon that part of the statute (Article 27, Section 490 of the Maryland Code (1967 Repl. Vol.)) which proscribes any person from being "apprehended having upon him any * * * jack, bit, or other implement, at places and under circumstances from which an intent may be presumed feloniously to break and enter into any * * * storehouse." It is not necessary to prove actual physical possession of such implements at the time of the arrest, an inference drawn from proper evidence sufficing to establish the requisite elements of the offense. *Day v. State,* 2 Md. App. 404; *Thomas v. State,* 1 Md. App. 528. Evidence need not be positively connected with the accused or the crime in order to render it admissible; it is admissible where there is a probability of its connection with the accused or the crime, the lack of positive identification affecting the weight of the evidence, rather than its admissibility. *Woodell v. State,* 2 Md. App. 433. We hold that there was a probability of appellant's con-

nection with the jack and the screwdriver and that the trial judge, in concluding that appellant was guilty of having such implements upon him, as provided in the statute, was not clearly erroneous in so concluding.

Finally, we hold that the offense of rogue and vagabond does not merge into the offense of storehousebreaking where the rogue and vagabond conviction is based upon that part of the statute proscribing any person from being apprehended "having upon him," as here, any "jack, bit, or other implement, at places and under circumstances from which an intent may be presumed feloniously to break and enter into any * * * storehouse, * * *." Compare *Buckley v. State*, 2 Md. App. 508; *Manning v. State*, 2 Md. App. 177. See also *Tender v. State*, 2 Md. App. 692.

*Judgment affirmed.*