## LAWRENCE SMALL *v.* STATE OF MARYLAND

[No. 394, September Term, 1968.]

*Decided June 3, 1969.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Alan J. Karlin* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles*

*E. Moylan, Jr., State's Attorney for Baltimore City,* and *Edward F. Seibert, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Lawrence Small, the appellant, was convicted of storehouse breaking in a court trial by the Criminal Court of Baltimore. Judge James A. Perrott, the trial judge, sentenced him to a term of five years. Small contends that the court erred in not granting his motion for judgment of acquittal because of a lack of proof of ownership of the building broken into; and, further, that his trial counsel was incompetent.

On April 20, 1968, the Lipsky Drug Company was broken into by Small and another. The indictment charged that Small and a co-defendant "did break the storehouse of Harold Lipsky there situate at 673 West Lexington Street." At the trial Harold Lipsky testified as follows:

"Q. What is your occupation?
"A. Pharmacist.
"Q. Where is the pharmacy?
"A. 673 West Lexington Street.
"Q. Baltimore City?
"A. Yes.
"Q. A corporation?
"A. A partnership."

The witness further testified that he had secured the doors and windows of the premises when he left the night before the breaking, that he gave no one permission to enter, that the value of the inventory in his store was about $12,000 and he identified a picture, which was offered in evidence, as *his* store window.[1]

We held in *Sizemore v. State,* 5 Md. App. 507, 248 A. 2d 417, under the express language of Md. Code, Art. 27,

---

1. In testimony stricken from the record, for other reasons, he indicated that the drugstore was owned by himself and his brother as partners.

§ 605, that an allegation of ownership by an individual would not support a larceny conviction where the proof showed that the stolen goods were owned by a partnership consisting of that individual and another, unless the indictment in some manner indicated that another was also involved in the ownership. In *Melia v. State,* 5 Md. App. 354, 247 A. 2d 554, we pointed up the distinction in the authorities between adequate proof of ownership to support a conviction for breaking and one for larceny saying at 5 Md. App. 365, 247 A. 2d 560:

> "And it has been held that the ownership of the building broken into is not an essential element of the crime and need not be proved precisely as alleged. 3 Underhill, Criminal Evidence (5th Ed. 1957) § 720, p. 1678 and cases cited in note 83. We think that in the instant case the allegation in the first count of the indictment and the proof were enough to show that the storehouse broken into by the appellants was not theirs, that they had not [sic] right to enter it without the permission of the lawful occupier, and enough to identify the building broken into and the personal property therein so as to protect the appellants against a subsequent prosecution for the same offense, which is all that is required."

To the same effect see *Sparkman v. State,* 3 Md. App. 527, 240 A. 2d 328 and *Makins v. State,* No. 286 September Term, 1968, opinion filed April 1, 1969.

It seems to us that the reason for the rule requiring proof of ownership in a breaking case is fully satisfied on the facts of the case at bar. The indictment identified the building sufficiently to inform the appellant of the charge. The proof was adequate to show the building was not the appellant's, he had no permission to enter it, and it was sufficiently identified to protect him against a subsequent prosecution for the same offense.

Small attempts to distinguish *Melia, supra,* on the basis

that in the instant case there was no proof at all of ownership, but we cannot see the distinction.

The question as to competency of counsel was not raised below and is not before us under Maryland Rule 1085.

*Judgment affirmed.*