THE STATE OF OHIO, APPELLEE, *v.* JOHNSON, APPELLANT.

(No. 2767—Decided September 19, 1963.)

*Mr. Paul R. Young*, prosecuting attorney, and *Mr. Anthony Valen*, for appellee.

*Messrs. Worman & Simpson*, for appellant.

CRAWFORD, J. Defendant-appellant was indicted, convicted and sentenced for breaking and entering a dwelling house in the daytime, the offense defined in Section 2907.15, Revised Code.

The first assignment of error is that the indictment does not set forth the ownership of the dwelling. It charges that "Alfred William Johnson on or about the third day of October in the year one thousand nine hundred and sixty-two in the county of Montgomery, aforesaid, did, during the daytime of said day, maliciously break and enter into a certain dwelling house, to wit: the residence of William A. Ellis, 44 Homestead Street, Dayton, Montgomery County, Ohio, with intent to steal something of value; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio."

The essential element of the crime charged which is the particular subject of the first assignment of error is that the building broken and entered must be property of *another*, because one cannot be held for breaking and entering his own property. 8 Ohio Jurisprudence (2d), 299, Burglary and Other Breaking, Section 12. This is essentially the principle stated in *Wilson* v. *State*, 34 Ohio St., 199.

It is unnecessary that the legal owner of the fee simple title be named. But the person in the occupancy or possession of the premises is regarded as the owner for the purposes of this offense. This is pointed out in the same reference in Ohio Jurisprudence (2d) as cited above and has been frequently declared by the courts. *Ducher* v. *State*, 18 Ohio, 308; *Bauer* v. *State*, 25 Ohio St., 70; *State* v. *Perkins*, 1 O. D. Rep., 55.

Thus there is no fatal defect in the indictment in this respect. Lesser defects, if any, were waived by the defendant's plea of not guilty and his proceeding to trial. Section 2941.59, Revised Code.

The second assignment of error is that ownership was not proved. The evidence is to the effect that William A. Ellis, a fire inspector with the city of Dayton, was the son of the title owners; that he had formerly resided in the property; that a fire damaged the premises on June 17, 1962; that at the time of the offense alleged the house was closed; that William A. Ellis kept the house locked and checked on it two or three times weekly for his parents; and that he had last visited the premises at 9:00 a. m. on October 3, 1962, shortly before the alleged breaking and entering around 11:00 a. m.

This adequately establishes William A. Ellis as the person in charge of the premises for the title holders and constitutes sufficient proof of ownership.

The third assignment of error is that the evidence of the facts just stated constituted a variance between the indictment and the proof. Specifically, it is contended that in view of the facts that William A. Ellis no longer actually resided in the dwelling and that his parents instead of himself were the owners constitute a fatal variance.

Counsel for appellant deserves commendation for extraordinary diligence in having dredged up from the legal archives a case which, as very briefly reported in a few lines, appears to be precisely in point. The case is *State* v. *Young,* Dayton, 391.

Unfortunately, that case lacks binding force. It was decided by the Common Pleas Court of Montgomery County nearly one hundred years ago and is not in harmony with subsequent decisions of the Supreme Court or the present law of Ohio.

In a similar case, the Supreme Court declared that such a variance did not appear material to the merits of the case or prejudicial to the defendant. *Mulrooney* v. *State,* 26 Ohio St., 326.

In the present case, there is no denial of the facts regarding ownership and control, nor any contention of a right to enter on the part of the defendant, nor any suggestion that he

194

was surprised or misled by any variance between the indictment and the proof.

There is no variance material to the merits of the case or prejudicial to the defendant.

The fourth assignment of error is the refusal of the court to give the following special instruction to the jury requested by the defendant:

"If the jury finds that the defendant entered the building with intent to take any abandoned property found therein, he must be found innocent for abandoned property cannot be the subject of theft and intent to take abandoned property cannot be intent to steal."

There is no suggestion whatever in the record that any property upon these premises was abandoned. Defendant's counsel admitted in argument that there was none. Hence, this instruction is not pertinent to any issues in the case and was properly refused.

No error prejudicial to the defendant appearing in the record, the judgment is affirmed.

*Judgment affirmed.*

KERNS, P. J., and SHERER, J., concur.