RICHARDSON *v.* STATE OF INDIANA.

[No. 30,746. Filed October 10, 1966.]

*Charles G. Castor,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Assistant Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from the conviction of the appellant of the crime of burglary in the first degree. The only error assigned is that of the overruling of the motion for a new trial, which contains the specifications that the decision of the trial court is not sustained by sufficient evidence and is contrary to law.

The argument is confined to the proposition that the evidence is not sufficient to support the finding of the trial court for the reason that there is a failure to show a "breaking" and a failure to show the intent to steal and carry away the personal property of Geraldine O'Shea, as charged in the affidavit.

The evidence briefly shows that a neighbor, Carolyn Keen, testified she saw a man she later identified as the appellant walk up the driveway and open the front door of the home next door, which was occupied by Geraldine O'Shea. Kathleen O'Shea, a daughter of Geraldine O'Shea, testified that at that time of night she was in her mother's home and had gone to bed. She said she was aroused and looked into the hall and there was a man standing outside her mother's bedroom. She observed the man go into her mother's room and "heard the purses rattle" and a few minutes later a light flashed on in her own bedroom, but she just lay there. James Keen, a neighbor, also testified that he saw appellant in the O'Shea residence at night at the time the other witnesses so testified, and he described how the appellant was dressed and identified him in court. There was other testimony to the effect that the police found an automobile owned by the appellant parked near the O'Shea residence and that he was in the neighborhood at the approximate time of the alleged burglary. Appellant took the stand and admitted two prior convictions of first degree burglary.

We believe this evidence is sufficient to support the convic-

tion of the appellant. This is substantial evidence of probative value. Some argument is made with reference to the credibility of the witnesses who identified the appellant and the reliability of such identification. This argument might have been proper before the jury, but not before this Court. We will not weigh the evidence, but will consider only that evidence most favorable to the State of probative value. *Greenwalt v. State* (1965), 246 Ind. 608, 209 N. E. 2d 254.

A further contention is made that the evidence does not sustain the proof of the element of "breaking." In our opinion this is not a valid contention.

In *Cockerham v. State* (1965), 245 Ind. 303, 204 N. E. 2d 654, 657, we said

"Walking through an open door does not constitute a 'breaking' as such element is known in the crime of burglary. However, the use of the slightest force in pushing aside a door in order to enter does constitute a breaking through the doorway." *Link v. State* (1953), 232 Ind. 466, 113 N. E. 2d 43.

Opening an unlocked door or raising an unlocked window is sufficient to constitute a "breaking."

The evidence further shows that inside the doorway the appellant was seen examining and going through coats inside after he entered the house. As pointed out above, it was further shown that the appellant was seen entering the room of the witness' mother, Geraldine O'Shea, and he was heard handling her mother's purse. This evidence shows the ownership of a purse, and we take knowledge of the fact that a purse is where one may look for money. However, it is not necessary to prove absolute ownership or title in a person alleged to be the owner in a charge or offense such as burglary or larceny. It is sufficient if the evidence of ownersnip is supported by proof of possession of the property. *Wagner v. State* (1963), 243 Ind. 570, 188 N. E. 2d 914; *Brown v. State* (1951), 229 Ind. 470, 99 N. E. 2d 103.

For the reasons stated, we find that the court did not err in overruling the motion for a new trial, and the judgment is affirmed.

Rakestraw, C. J. and Myers, J., concur. Jackson, J., concurs with opinion. Achor, J., not participating.

## Concurring Opinion

Jackson, J.—I concur in the result of the majority opinion only.

This case is one where, in view of the widespread criticism of jury verdicts, court decisions, the so-called "coddling of criminals," and a general feeling that society is not being adequately protected from the depredations of the criminal by the courts, it appears comment is in order.

In the case at bar there are at least two statutes under which the appellant could have been charged: (a) the one charging the offense of First Degree Burglary on which charge he was tried and convicted, and (b) the offense of entering with intent to commit a felony.

On appeal this court does not weigh the evidence, that being the province of the trial court or jury; further, it is and long has been the policy of this court on appeal to consider only that evidence most favorable to the State. Were it not for these rules, which tilt the scales of justice in favor of the State, many persons charged with and convicted of crime, would, on appeal have to be granted a new trial because of insufficiency of the evidence, or on account of the verdict being contrary to law by reason of a lack of evidence of probative value sufficient to sustain the State's burden of proof of guilt beyond a reasonable doubt.

It is therefore essential, in the interest of justice, that in criminal prosecutions the preliminary investigations be more thorough, that more care be exercised in the determination of the charge or charges placed and to be placed against the defendant and that the Prosecuting Attorneys prepare their cases with more care.

It is painfully apparent that too many cases come on appeal to this court, and to the various Federal Courts, primarily by reason of haste, lack of proper investigation, failure to interview witnesses and carelessness in the preparation and trial of cases at the trial level.

This is by no means intended as a blanket indictment of the investigative or prosecution offices and officers. As a former Prosecuting Attorney I am fully aware of the handicaps, including lack of time, money and manpower, under which they labor. It is clearly apparent that the matters mentioned must be given more attention at the time of, or immediately before the prosecution is instituted if time, money, manpower and the judicial processes are not to be dissipated on unnecessary appeals.

NOTE.—Reported in 220 N. E. 2d 345.