THE STATE OF OHIO, APPELLEE, *v.* FLOWERS, JR., APPELLANT.

[Cite as State v. Flowers (1971), 29 Ohio App. 2d 105.]

(No. 288—Decided August 27, 1971.)

*Mr. Roger Vennington,* for appellee.

*Mr. Hobert Frank Flowers, Jr.,* representing himself, for appellant.

GRAY, J. This case is in this court on appeal from a judgment of the Court of Common Pleas of Pickaway County. The trial court denied defendant relief under the conviction statutes of Ohio and the defendant, feeling aggrieved thereby, filed his notice of appeal and alleged the following errors:

"1. The bill of information in case number 7609 is insufficiently drawn to charge a crime under the laws of the state of Ohio.

"2. That he was not represented by counsel when he entered a plea of guilty and was sentenced.

"3. That he was not advised by the court that he had a right to have *counsel appointed, at the states expense.*

"4. That he did not knowingly and intelligently waive his constitutional right to have counsel appointed at the expense of the State.

"5. That the waiver of counsel signed by him is not

sufficient to inform him of his right to counsel at *states expense.*

"6. The court did not, prior to his waiver of counsel and indictment, and his plea of guilty, advise him of the nature of the charge against him, and of the consequences of his plea.

"7. That he was denied his constitutional rights due to the vagueness of the court, and due to his ignorance, imcomprehension, [*sic*] and the persuasive inducements of the prosecuting attorney.

"8. That he did not intelligently and understandingly plea [*sic*] guilty to the crime charged against him."

In the first assignment of error defendant maintains that the bill of information is drawn in such a way that it does not charge a crime under the laws of the state of Ohio. Specifically, defendant contends that the information filed against him is defective for the reason that it does not allege an "uninhabited building." An inspection of R. C. 2907.10 reveals the following:

"No person shall in the night season maliciously and forcibly break and enter * * * *or other building.*" (Emphasis added.)

This definition does cover Tink's Tavern. Black's Law Dictionary (rev. 4th ed. 1968) defines tavern as follows:

"A place of entertainment; a house kept up for the accommodation of strangers. Originally, a house for the retailing of liquors to be drunk on the spot."

Hence, the information alleges a crime under R. C. 2907.10.

The point is raised by the dissenting member of the court that the allegations of the indictment do not lay the ownership in anyone. We disagree.

In the first place our dissenting colleague raises a point not urged by defendant in his assignments of errors and brief. Defendant claims that the indictment is fatally defective because it does not contain the words "uninhabited dwelling." In the dissenting opinion, the point is raised that the indictment doesn't specify who owned the build-

ing. We think that the word "Tavern" adequately described the building. "Tink's" is a word describing the owner of the premises. The Supreme Court recently reiterated an ancient doctrine of the law when Judge Herbert, speaking for a majority of the court, said:

"As we have often stated, an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State* v. *Gordon*, 28 Ohio St. 2d 48, 50.

Thus we cannot and should not consider the error advanced by our dissenting colleague.

A statement of the Supreme Court in a *per curiam* opinion, *Vaughn* v. *Maxwell*, 2 Ohio St. 2d 299, 300, is most enlightening. It is as follows:

"The purpose of an indictment is to inform the accused of the crime with which he is charged *Weaver* v. *Sacks, Warden,* 173 Ohio St. 415. It is not necessary to use the exact words of the statute.

"Section 2907.14, Revised Code, as in effect in 1958, read in part as follows:

" 'No person shall, by day or night, maliciously enter a bank or other financial institution which receives upon deposit or otherwise for safekeeping the moneys or public funds of individuals or corporations, and attempt to commit or commit a felony with firearms or other deadly weapons.'

"A building and loan company receives on deposit or otherwise moneys of individuals. Thus, a building and loan company is a financial institution within the meaning of Section 2907.14, Revised Code, *and inasmuch as the exact institution involved was named, petitioner was fully informed of the crime for which he was charged.* Petitioner's argument in this respect is not well taken."

An objection similar to the present one was raised in *Vaughn, supra,* in that defendant in that case raised the point that one count of the indictment was faulty because

it did not allege that The Evanston Building and Loan Co. was a financial institution. The Supreme Court brushed that argument aside.

So it is in the present case. Defendant was informed that he broke into and entered a tavern owned by one named Tink. He told the court he understood the charge and wanted to plead guilty to it. A case very similar to the one here under consideration is *Barber* v. *Gladden* (C. C. A. 9), 327 F. 2d 101, 102, 103, wherein the court made the following statements:

"Appellant's first contention here, as it was in the court below, is that the indictment to which he pled guilty in the Douglas County Circuit Court was defective because one, it failed to allege the ownership of the building in which the burglary occurred, and two, it failed to identify the subject matter under inquiry by the Douglas County Grand Jury at the time the indictment was returned, and that he was thereby deprived of his constitutional right to due process of law under the Fourteenth Amendment.

"The indictment charged that appellant 'on the 25th day of October A. D. 1953, in the said County of Douglas and State of Oregon * * * did then and there unlawfully, wilfully and feloniously break and enter in the night time a certain building not a dwelling, to-wit: Neilson's Market located at South Stevens Street near the South City Limits of the City of Roseburg, County and State aforesaid' with the intent to commit larceny therein with the aid of explosives. *This allegation, it seems to us, states plainly that the building belonged to one Neilson, particularly in view of the apostrophe 's', denoting possession or ownership, punctuation-wise,* and this understanding of the indictment from a reading thereof is confirmed by appellant's statement in his petition that one Lester Neilson testified at the preliminary hearing that he was the owner of the building entered. Whether this is a sufficiently direct allegation of ownership of the building under the common law authorities cited by appellant is immaterial here, because due process under the Fourteenth Amendment, as concerns an indictment or information, requires only that

it state a public offense, and give sufficiently reasonable notice and information of the specific charge to enable the person charged to make his defense, and to plead his conviction or acquittal thereof as a bar to a subsequent prosecution for the same offense. *United States* v. *Cruikshank,* 92 U. S. 542, 558, 23 L. Ed. 588; *In re Oliver,* 333 U. S. 257, 273, 68 S. Ct. 499, 92 L. Ed. 682; *Paterno* v. *Lyons* 334 U. S. 314, 320, 68 S. Ct. 1044, 92 L. Ed. 1409. The indictment here meets these requirements.'' (Emphasis added.)

Defendant in the present case was fully informed of the offense with which he was charged. We think that the law is well stated in the case of *Spencer* v. *State,* 13 Ohio 401, 407, wherein the court said:

"The third objection is, that the warehouse is not properly described. Is it so? A good criminal pleader will never attempt more certainty than the law requires, for fear that, in the minuteness of detail, he may, by chance, misdescribe in some essential particular, which would be a fatal error. The warehouse is averred to be within the jurisdiction of the court, towit, 'at the county of Scioto,' and to be the warehouse of one William Maddox, and, we think, it was not necessary to specify the township, hamlet, or village, within which it was located, any more than the road or watercourse by which it stood. The laws of this state appear to us to throw sufficient protection around the accused to guard, vigilantly, all his rights, and secure him a fair and impartial trial; and when this is done, the court ought not, by an unwise astuteness, in the application of overstrained principles, and hair-splitting technical objections, to cheat the law of its victim, and thereby give encouragement to villainy and crime.''

This first assignment of error has to be an afterthought on the part of the defendant. The trial court was meticulous in explaining defendant's rights Defendant stated he fully understood the charge and the procedure and for him to now claim he did not understand the charge is a travesty. Desperate men are wont to grasp at straws.

We have been favored with a transcript of the proceedings in the trial court where defendant entered his

plea of guilty. The pertinent portions of this transcript are as follows:

"Now first anyone charged with a serious type of offense which is called a felony which can result in imprisonment in a [*sic*] a penal institution such as these cases has a right to have an attorney represent you in the proceedings of that case. In that situation you have 3 different choices, you can either get an attorney of your own choice and pay that attorney yourself which you have a right to do or if the court would find you are indigent and do not have funds to obtain an attorney the court could then appoint an attorney to represent you and pay that attorney out of public funds or the third choice is that if you understand your rights to have an attorney that you can if you so desire you can waive that right and proceed without one. Those are your 3 rights you have to have an attorney represent you in this case. Mr. Flowers do you understand what I have said there?

"By the defendant: Yes.

"By the Court: Alright, now the second thing is I want to explain to each of you is this, you had a hearing over in Municipal Court, I believe?

"By Mr. Flowers: Yes.

"By the Court: In which you were bound over to the grand jury of this county?

"By Mr. Flowers: Yes.

"By the Court: The grand jury of this county will meet the first part of April to consider the cases that have been bound over to the grand jury to determine whether or not there is sufficient evidence to return an indictment or not. Now, you have a right to have your case considered by the grand jury of this county at the time they meet. Prior to that time your bond will be set and if you can make bond you can get out on bond but if you cannot make bond you will remain in the county jail. Now, with the understanding that you have a right to have your case considered by the grand jury there is a provision in the law whereby if you understand that right that you can waive that right of having your case considered by the grand jury and

come up on what is known as a bill of information. Do you understand that, Mr. Flowers?

"By Mr. Flowers: Yes.

"By the Court: Alright, with those explanation [s], do you have any question about either one of the two matters, that I have explained to you, Mr. Flowers?

"By Mr. Flowers: No.

"By the Court: Now, Mr. Flowers, you understood what I mentioned about your right of having counsel represent you?

"By Mr. Flowers: Yes.

"By the Court: What do you want to do about that?

"By Mr. Flowers: I don't need no help.

"By the Court: You want to waive your right to have an attorney represent you?

"By Mr. Flowers: Yes.

"By the Court: What do you want to do relative to having your case considered by the grand jury?

"By Mr. Flowers: Waive it too."

We believe that the trial Judge handled this in a most competent manner and that the assignments of error 2 to 8, both inclusive, are answered in the above quotation from the transcript of the proceedings when defendant entered his plea of guilty.

We find that no errors prejudicial to the rights of the defendant occurred in the trial proceedings. Therefore the judgment of the trial court will be affirmed.

*Judgment affirmed*

ABELE, P. J., concurs.

STEPHENSON, J., dissenting. Hobert Frank Flowers, the defendant below and appellant herein, was before the trial court on March 23, 1967, upon an information charging him with a violation of R. C. 2907.10. Defendant waived prosecution by indictment, representation by counsel, and a reading of the information in open court. He entered a plea

of guilty and was sentenced. No direct appeal was prosecuted from the judgment.

The information filed against him, omitting the formal parts, reads as follows:

"* * * that Hobert Frank Flowers, Jr., on the 18th day of March 1967, at the County of Pickaway aforesaid, did unlawfully, maliciously and forcibly break and enter Tinks Tavern, Route No. 3, Circleville. Ohio in the night season with intent to commit larceny therein."

On January 6, 1970, without counsel, the defendant, filed a petition for post-conviction relief. To the petition, a demurrer was interposed. The trial court entered findings of fact and conclusions of law, denied relief and dismissed the petition. This appeal, without counsel, was instituted by defendant from such denial.

It should be noted at the outset that I am in complete agreement with the disposition of grounds twc through eight by the trial judge below and my colleagues herein. My concern here is with ground one, which states:

"1. The bill of information in case number 7609 is insufficiently drawn to charge a crime under the laws of the state of Ohio."

The demurrer below placed into issue the sufficiency, in law, of such charge.

The argument advanced by defendant is that the information states no offense because it contains no allegation of "uninhabited building."

The trial court and my colleagues herein are of the view that the identification of the place entered as "Tink's Tavern" carries with it the implication that it is a tavern and, hence, is a building and therefore the information charges a crime under R. C. 2907.10. While I do not disagree with the conclusion that a building is implied in the information, I do disagree that it charges a crime.

The glaring defect in this information is that it lacks allegations laying ownership of the building in anyone. The offense of burglary can only be committed with respect to another's property. An indictment lacking such allegation of ownership is fatally defective and charges no

offense. *Wilson* v. *State,* 34 Ohio St. 199. It is unnecessary that ownership be alleged in the fee owner, the name of the person in possession being sufficient. *State* v. *Johnson,* 120 Ohio App. 191. The most that can be said for this information is that the term "Tink's Tavern" is descriptive of the building entered but only that. The plea of guilty, without counsel, cannot be considered a waiver of such defect.

The next question which must necessarily follow is whether such defect is cognizable in a post-conviction relief proceeding which reaches errors only of a constitutional nature. R. C. 2953.21; *State, ex rel. Turpin,* v. *Court of Common Pleas,* 8 Ohio St. 2d 1. In my view, the omission here of an essential allegation of the offense is of constitutional dimension. *Fouts* v. *State,* 8 Ohio St. 98; *Harris* v. *State,* 125 Ohio St. 257; *State* v. *Wozniak,* 172 Ohio St. 517. The substance of the holdings in the cited cases is that Section 10, Article I, Ohio Constitution, which states that no person shall be held to answer "unless on presentment or indictment of a grand jury," requires the grand jury to return an indictment setting forth all material elements of the offense.

The Ohio Supreme Court in *State* v. *Cimpritz,* 158 Ohio St. 490, held that where an essential element is missing from an indictment, the courts lack jurisdiction of the subject matter and the indictment may be attacked either collaterally or on appeal. Thereafter, the decision was interpreted to restrict such collateral attack only before judgment. *State* v. *Wozniak,* 172 Ohio St. 517. The court reasoned that after judgment the same was binding on the defendant since "the court rendering it had jurisdiction of the person of the defendant and also jurisdiction of the subject matter; *i. e.,* jurisdiction to try the defendant for the crime for which he was convicted.

In view of the above, the conviction herein would be voidable only and not void within the concept of those terms in *State* v. *Perry,* 10 Ohio St. 2d 175. The doctrine of *res judicata* set forth in *State* v. *Perry, supra,* is inapplicable here for the reason of lack of counsel.

It may well be argued that the unrepresented petitioner did not give the proper reason why the information upon which he was charged was defective and relief should be denied on that ground. In my view, this would be most inappropriate and not in keeping with the spirit and purpose of the post-conviction remedy act, which is to correct an infringement of constitutional rights. See footnote 1, *State* v. *Perry, supra.*

I would reverse.