STATE of Maine

v.

**Everett C. CARLSON.**

Supreme Judicial Court of Maine.

May 15, 1973.

Michael O'Donnell, County Atty., David Q. Whittier, Sp. Asst. Atty. Gen., South Paris, for plaintiff.

Berman, Berman & Simmons, P.A., by Jack H. Simmons, Robert A. Laskoff, Lewiston, George A. Bouchard, Norway, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK, and ARCHIBALD, JJ.

WEBBER, Justice.

The appellant was found guilty by a jury of the offense of breaking, entering and larceny. His appeal must be denied.

The indictment alleged that the burglarized building was one *"called* ITT Lamp Division, International Telephone and Telegraph Company, Vulcan Electric Operations plant, *owned* by International Telephone and Telegraph Corporation, a Delaware corporation." (Emphasis ours) The personal property alleged to have been stolen therefrom was described as "the property of the said ITT Lamp Division, International Telephone and Telegraph Company, Vulcan Electric Operations." A witness identified as the "general foreman" of the plant and who received a report of the break from "one of my foremen" was permitted without objection to describe the property taken, except for one item owned personally by the witness, as all being "owned by ITT Corporation." During the trial all of the witnesses and both counsel employed the short form of reference to the "ITT Corporation," the "ITT plant" and the "ITT building." At the close of the evidence the appellant moved for a directed verdict on the grounds, (a) that "there is no tie up that there was any specific intent on the part of the defendant," and (b) that it was not proven "that the items subject to identification were, or are items which were taken on the evening in question."[1]

■ In his instructions to the jury, the Court did not recognize any issue either as to corporate identity or compliance with the technical requirements of legal incorporation. He addressed himself to proof of ownership in these terms:

"Tied in with larceny is ownership. Here the indictment alleges ownership in the corporation,[2] and it is perfectly prop-

er for the corporation to own anything. We have three entities that own, a person, a partnership, or a corporation, the only three entities that own anything. It has to be one or the other. The people own them jointly. Here our problem is ownership by a corporation, and on that point I would like to cover it a bit more, and that is this, the law is that ownership of goods allegedly stolen need not necessarily be established by direct proof. Ownership may be proven by circumstances and inferences as well as by direct evidence. Here the evidence, I believe, on ownership is both, and it is presented to you for your evaluation. Whether you believe it or not, is your business, but you have both, some items I believe in testimony, it is for you to remember, it is direct evidence, and others circumstantial evidence. If you believe the circumstantial evidence or inferences that you can derive from testimony as to ownership, that is proper. If you don't believe it, then it is not proper. The point is, the owner does not have to identify the property stolen by personal marks or other specific identifying factors. You don't have to as long as you can convince, satisfy the Jury beyond a reasonable doubt that it is your property under the circumstances presented."

No objections to these instructions or requests to instruct, material to this issue, were noted. We are satisfied that any issue as to the corporate existence and identity of the International Telephone and Telegraph Corporation or any discrepancy between the full corporate name and the abbreviated form employed by the Court, the counsel and the witnesses was effectively waived and therefore not open to review on appeal. State v. Small (1970–Me.) 267 A.2d 912. The instruction with respect to the adequacy of proof of ownership by circumstantial evidence and infer-

---

1. These issues are not raised on appeal.

2. The Court had already accurately paraphrased the indictment using the phrase,

"the building called ITT, the plant division of International Telephone & Telegraph Company, which is a corporation."

ences as well as by direct evidence was given in obvious reliance upon the teachings of *Small*. In the instant case there was evidence from which the jury could conclude beyond a reasonable doubt that both the burglarized building and the stolen items were in the lawful possession of the International Telephone & Telegraph Corporation, a possession which was "rightful as against the accused burglar." State v. Small, supra.

The appellant urges that the State failed to prove lack of consent on the part of the corporate owner to the taking of its property. It suffices to say that appellant's accomplice, testifying as a witness for the State, described in detail the nighttime break and entry into the plant, the subsequent stealing of the corporate property therefrom and its removal to a gravel pit where it was secreted. This and other evidence fully justified the factfinder in concluding beyond a reasonable doubt that there was no consent to the taking.

Over objection, the State was permitted to show that the defendant in the course of the burglary broke into a Coca Cola machine and a cigarette vending machine on the premises and removed money from one and cigarettes from the other. The larceny of these items was not charged in the indictment and it was neither alleged nor proved that they were the property of the corporate occupant of the building. Nevertheless, the evidence was admissible as bearing on events which were part of the res gestae and as tending to show the larcenous intent of the defendant. The entire conduct of the defendant while engaged in the breaking, entry and larceny charged in the indictment was open to the jury's scrutiny. This is true even though some of the facts shown might tend to suggest or prove that defendant was simultaneously guilty of another independent crime for which he was not on trial. State v. Graves (1966–Me.) 224 A.2d 57; see State v. Castonguay (1970–Me.) 263 A.2d 727.

Appeal denied.

All Justice concurring.