**STATE of Maine**

**v.**

**Percy F. COTE.**

Supreme Judicial Court of Maine.

March 2, 1982.

David M. Cox, Dist. Atty., R. Christopher Almy, Gary F. Thorne, Margaret Kravchuk, (orally), Asst. Dist. Attys., Bangor, for plaintiff.

Vafiades, Brountas & Kominsky, Charles E. Gilbert, III (orally), Bangor, for defendant.

Before GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

VIOLETTE, Justice.

Defendant Percy Cote appeals from a judgment of conviction entered in the Superior Court, Penobscot County, following a jury verdict finding him guilty of trafficking in scheduled drugs (17–A M.R.S.A. § 1103). On appeal Cote makes the following arguments: (1) that the presiding judge abused his discretion in denying the defendant's motion for a bill of particulars; (2) that the presiding judge abused his discretion in denying the defendant's motion for a partial transcript of the grand jury testimony; (3) that the presiding judge committed reversible error by overruling defense counsel's objection to a line of questioning; (4) that the evidence was insufficient to support a finding of venue in Penobscot County; (5) that the evidence was insufficient to convict the defendant on a theory of accomplice liability; and (6) that the presiding judge committed reversible error by refusing to give the so-called 'procuring-agent defense' instruction to the jury. We deny the appeal and affirm the judgment of conviction.

## FACTS

On February 12, 1981, two undercover police officers met with the defendant, Percy Cote, at his residence in Presque Isle. During a conversation, in which the two officers told Cote they wanted to buy large amounts of drugs, Cote told the officers he could get them ten pounds of marijuana and one ounce of rock cocaine. On February 15, 1981, the two officers returned to Cote's residence and Cote made a phone call, in their presence, to an individual named Percy. While still on the phone, Cote quoted prices to the officers, and they agreed to the prices given. On February 17, 1981, the officers again met with Cote at his residence, Cote phoned his "connection", and then Cote and the two officers drove to Bangor to buy the drugs. Upon their arrival in Bangor, they met Percy Sargent (Cote's connection). Following Sargent's directions they proceeded to an apartment in Holden. At the apartment, Sargent went inside while the others remained in the car, brought out one bag of marijuana, eventually reentered the apartment and returned to the car with all ten pounds. During this time Mr. Cote, sitting in the back seat, smelled the first pound, and helped count the remaining nine bags. After the drugs had changed hands but before payment was made, the officers arrested Cote and Sargent.

### (1) Bill of Particulars

On appeal, the defendant argues that his motion for a bill of particulars should have been granted so that he could have prepared an adequate defense. The defendant was charged in the indictment with "trafficking in scheduled drugs" (17–A M.R.S.A. § 1103). Trafficking is defined in section 1101(17) of Title 17–A and that definition includes four subsections which in content provide for four different ways to traffick in drugs.[1] The substance of defendant's

---

1. 17 -A M.R.S.A. § 1101(17) provides:
   17. "Traffick:"
   A. To make, create, manufacture;

B. To grow or cultivate, except with respect to marihuana;
C. To sell, barter, trade, exchange or otherwise furnish for consideration; or

motion was that he was unaware of whether the State based its case on subsection (C) or (D) of section 1101(17) (both sides having agreed subsections (A) and (B) were inapplicable to the facts).

■ The purpose of a bill of particulars is to enable the defendant to prepare an adequate defense, to avoid prejudicial surprise at trial, and to establish a record upon which to plead double jeopardy if necessary. *State v. Larrabee,* Me., 377 A.2d 463, 465 (1977). A motion for a bill of particulars is addressed to the discretion of the presiding judge. In considering whether such a motion was properly denied, we must examine the record to determine what facts were known to the defendant prior to trial.

■■ The transcript of the hearing on the motion for a bill of particulars indicates that the defendant was made aware of the fact that the State had sufficient evidence to go to the jury on both subsections (C) and (D). The defendant had thereby learned of the essential facts upon which his indictment was based and cannot now claim prejudicial surprise at trial or that he had inadequate facts upon which to prepare a defense. Similarly, we find no merit in defendant's argument that denial of his motion for a bill of particulars left him without a sufficient record upon which to plead double jeopardy if the need arose.[2] The presiding judge did not abuse his discretion in denying this motion.

### (2) TRANSCRIPT OF GRAND JURY TESTIMONY

■ The defendant argued below and on appeal that he had a "particularized need" for the grand jury testimony of the two undercover police officers involved in this case. The particularized need alleged was that the defendant wished to raise the defense of entrapment and wanted to estab-

lish that defense through cross-examination of the two officers. The motion was denied as untimely and for failure to show a particularized need.

The defendant's motion was made on June 3rd, and heard on June 8th, four days prior to trial. At the time of the hearing, the testimony had not yet been transcribed and therefore, the judge was unable to review the testimony requested by the defendant. Clearly, there was no abuse of discretion in denying the motion as untimely. Further, the defendant's general statement in his motion that he needed the transcript to establish entrapment, without the support of specific references or a more detailed explanation of his need, does not demonstrate a particularized need. *See State v. Doody,* Me., 432 A.2d 399, 402 (1981). The motion was properly denied.

### (3) OBJECTION TO TESTIMONY OVERRULED

■ At trial, the defendant objected to testimony by one of the undercover officers regarding the defendant's alleged statement to the officer that he could get them one ounce of rock cocaine along with the ten pounds of marijuana. Although the defendant is correct that M.R.Evid. 404(b) makes inadmissible other crimes, wrongs or acts to prove the character of the defendant, the evidence was not offered for that purpose. The evidence was offered to show the defendant's intention to sell drugs. The Advisers' Note to Rule 404(b) specifically states that "[Rule 404(b)] does not exclude the evidence when offered for another purpose, such as proof of ... intent ..." Field and Murray, *Maine Evidence* 67 (1976); *see also State v. Carlson,* Me., 304 A.2d 681 (1973). The presiding judge correctly overruled the objection.

---

D. To possess with the intent to do any act mentioned in paragraph C, except that possession of 2 pounds or less of marijuana with such intent shall be deemed furnishing.

2. Although we find the defendant's argument without merit, we suggest that in a case where the State intends to prove alternate means of

committing a specific crime, the better practice would be to indict the defendant in the alternative. This practice would allow a future court, faced with deciding a double jeopardy claim, to determine what the defendant was actually tried for.

## (4) VENUE

The defendant claims for the first time on appeal that the evidence was insufficient to support venue in Penobscot County. Notwithstanding the fact that the defendant raises this issue for the first time on appeal, we find that the evidence on this record was sufficient to support venue in Penobscot County.

## (5) SUFFICIENCY OF THE EVIDENCE ON ACCOMPLICE LIABILITY

█ The defendant argues that his actions were in aid of the buyers in this case—the two police officers—and that consequently, the evidence was insufficient to support a finding that he was an accomplice to the sellers.[3] From the record in this case the jury could have found the following facts: (1) the defendant knew Percy Sargent and in fact telephoned him to make the arrangements for the sale, (2) the defendant placed several phone calls in the Bangor area to facilitate the arrangements for the sale, (3) the defendant introduced Sargent to the two undercover officers, and (4) the defendant assisted in the actual sale by smelling the first pound of marijuana and counting the other nine pounds. Although the record reflects the defendant's claim that he did not know the person who actually supplied the drugs for the sale, it is equally clear that the defendant's role could have been viewed by the jury as an accomplice to the sellers, namely Percy Sargent. There was sufficient evidence to convict the defendant on an accomplice theory of liability.

## (6) PROCURING AGENT REQUESTED INSTRUCTION

█ At trial, the defendant requested the trial judge to instruct the jury on the so-called "procuring agent" defense. The requested instruction was as follows:

In order for you to find the Defendant guilty on the basis that he was an accomplice, you must find beyond a reasonable doubt that his conduct was on behalf of the sellers of the marijuana who have been identified in testimony as Mr. Dupray and Mr. Sargent. In other words, if Mr. Cote was acting on behalf of the buyers in this transaction, you must find him not guilty.

This Court refused to adopt the procuring agent defense in the pre-Code case of *State v. Allen*, Me., 292 A.2d 167, 170–72 (1972). In our most recent pronouncement on this issue, we found that such an instruction was properly refused as misleading and incomplete because the jury could have found on the facts of the case that the defendant had acted on behalf of the sellers. *See State v. Mansir*, Me., 440 A.2d 6, 7 (1982). Because we have already stated in this opinion that the jury could have found that the defendant in this case had acted as an accomplice of the sellers, we find no error in the presiding judge's refusal to give the requested instruction.

The entry is:

Judgment affirmed.

All concurring.

---

3. The defendant further argues in his brief that he should have been charged in the indictment as an accomplice rather than as a principal, if that was the theory the state wished to pursue. This Court has held that an indictment is sufficient if it charges an accomplice as a principal. *See State v. Allison*, Me., 427 A.2d 471, 475 (1981).